IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RICHARD STACKER, | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | No. 3:23-cv-00833-D (BT) |
| | § | |
| AMBER GIVENS-DAVIS, ET AL. , | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

In 2019, a Dallas County grand jury indicted *pro se* plaintiff Richard Stacker
on a firearms charge. The charge was later dismissed, and Stacker filed this civil
rights action against several entities and individuals involved in the state criminal
proceedings. Upon review of the pleadings and applicable law, the Court
recommends that (1) Stacker's claims against the State of Texas be dismissed
without prejudice for lack of subject matter jurisdiction; (2) his remaining federal
claims be dismissed with prejudice under Federal Rule of Civil Procedure 12(b)(6);
and (3) the Court decline to exercise supplemental jurisdiction over his state-law
claim.

**Background**

On February 28, 2019, Stacker was indicted in Dallas County on a single
count of unlawful possession of a firearm by a felon, in violation of Texas Penal
Code § 46.04(a). Details (dallascounty.org) (search for case number F1952039; last
visited September 10, 2024). The indictment alleged that Stacker—who was

convicted of possession of a controlled substance in 1990—possessed a firearm at "at a location other than the premises at which he lived," in violation of the statute. *See id.* Stacker remained in custody while the charge was pending. On May 13, 2021, the Dallas County District Attorney (Dallas County DA) dismissed the charge. *See id.*

On April 20, 2023, Stacker filed this civil rights action. *See* ECF No. 3. The gravamen of Stacker's allegations—as discerned from his responses to a questionnaire and an amended complaint—is that he was falsely arrested and maliciously prosecuted because the 2019 felon in possession of a firearm charge violated the Ex Post Facto Clause. *See* ECF No. 3 at 11-13; ECF No. 11; ECF No. 13 at 10. He believes this to be the case because, in 1990, when he was convicted of possession of a controlled substance, the felon in possession of a firearm statute only prohibited persons convicted of violent felonies from possessing a firearm. ECF No. 3 at 11-13.

He sues the key players in his state criminal proceedings, including the officers who arrested him and transported him to the jail; Judge Amber Givens-Davis; Dallas County DA John Creuzot; Assistant Dallas County DA Amber Moore; other unspecified prosecutors; and his own court-appointed attorney, William R. Barr. ECF No. 3 at 3; ECF No. 13. He also names several entities including the State of Texas, the Dallas County DA's Office, the Dallas County Sheriff's Department, the Dallas County 282nd Judicial District Court (282nd District Court), and the Dallas Police Department (DPD). ECF No. 3 at 3.

He contends that these defendants, or some combination of them, falsely arrested him, maliciously prosecuted him, violated his rights under the Ex Post Facto Clause, violated his substantive and procedural due process rights, provided ineffective assistance of counsel, and violated federal criminal statutes and the Racketeer Influenced and Corrupt Organization Act (RICO). *See generally* ECF Nos. 3, 11, 13.

Finally, he claims that his former employer Dallas Central Tactical Security Company and its owners, Wayman and Cametra Livingston, in addition to conspiring with DPD and the Dallas County DA to falsely arrest and maliciously prosecute him, retaliated against him in violation of the Texas Whistleblower Act. ECF No. 3 at 1; ECF No. 13 at 8.

He seeks monetary damages against the defendants. *See* ECF No. 13 at 11.

## Legal Standards and Analysis

Stacker was not imprisoned when he filed this action, and he paid the filing fee. Therefore, the screening provisions of 28 U.S.C. § 1915 are inapplicable. Nevertheless, a district court may dismiss a complaint on its own motion under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). The procedure for dismissing a complaint *sua sponte* must be fair. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (quoting 5A Wright & Miller, FED. PRACTICE AND PROCEDURE § 1357, at 301 (2d ed. 1990)). This requires notice

3

of the intent to dismiss and an opportunity to respond. *Id.* at n.5. "The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond." *Fantroy v. First. Fin. Bank, N.A.*, 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012) (citing *Ratliff v. Coker*, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)).

To state a claim upon which relief may be granted under Rule 12(b)(6), a plaintiff must "plead enough facts to state a claim to relief that is plausible on its face[,]" *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level[.]" *Id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

When analyzing a complaint under Rule 12(b)(6), the Court may consider the complaint, its proper attachments, "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008) (citations and internal quotation marks omitted).

1. <u>Stacker's claims against nonjural entities and the State of Texas should be dismissed</u>.

Stacker sues the DPD, the Dallas County DA's Office, the Dallas County Sheriff's Department, and the 282nd District Court under 42 U.S.C. § 1983. *See*, *e.g.*, ECF No. 11 at 2-3.

Claims against nonjural entities are subject to dismissal for failure to state a claim. *See*, *e.g*., *Carter v. Harris Cnty. Jail*, 2020 WL 3288124, at *1 (S.D. Tex. June 18, 2020). The DPD, the Dallas County DA's Office, the Dallas County Sheriff's Department, and the 282nd District Court are nonjural entities without the capacity to be sued in a civil rights action. *See*, *e.g*., *Johnson v. Dallas City Police Dep't.*, 2004 WL 2964968, at *2 (DPD is not a proper entity with a jural existence); *Winegarner v. City of Coppell*, 2006 WL 2485847, at *1 (N.D. Tex. Aug. 28, 2006), *aff'd*, 275 F. App'x 359 (5th Cir. 2008) (the Dallas County DA's Office is not a separate jural entity and thus not subject to suit); *Hubert v. Hoel*, 2005 WL 3148548, at *1 (N.D. Oct. 19, Tex. 2005), *rec. accepted*, 2005 WL 3150234 (N.D. Nov. 16, Tex. 2005) (same); *Perez v. Dallas Cnty. Cts.*, 2020 WL 7049159, at *2 (N.D. Tex. Oct. 27, 2020) ("It is well-established that a county court is a nonjural entity that is not subject to suit.") (collecting cases), *rec. accepted* 2020 WL 7047057 (N.D. Tex. Nov. 30, 2020); *Marshall v. Abbott*, 2022 WL 671009, at *4 (E.D. Tex. Feb. 4, 2022) ("Federal courts in Texas have uniformly held that courts are nonjural entities that are not subject to suit.") (collecting cases), *rec. accepted* 2022 WL 659159 (E.D. Tex. Mar. 4, 2022); *Phillips v. Dallas Cnty. Sheriff's Dept.*, 2017 WL 658749, at *2 (N.D. Tex. Jan. 12, 2017), *rec. accepted* 2017 WL 635086 (N.D. Tex. Feb 16, 2017) (the Dallas County Sheriff's Department is a nonjural

entity). Therefore, Stacker's claims against these nonjural entities should be dismissed.[1]

The Court should also dismiss Stacker's claims against the State of Texas for lack of jurisdiction.[2] "Absent waiver, the immunity of a state from suit as signified by, but not fully expressed in, the Eleventh Amendment is a jurisdictional barrier." *Stramaski v. Lawley*, 44 F. 4th 318, 321-22 (5th Cir. 2022) (citing *Corn v. Miss. Dep't of Pub. Safety*, 954 F.3d 268, 274, 276 (5th Cir. 2020)). There is no sign that Texas has consented by statute to Stacker's suit against it. Section 1983, for example, does not abrogate sovereign immunity. *See NiGen BioTech, L.L.C. v. Paxton*, 804 F.3d 389, 394 (5th Cir. 2015) (citing *Quern v. Jordan*, 440 U.S. 332, 240 (1979)).

2. Stacker's § 1983 claims against non-state actors should be dismissed.

Stacker claims that his former employer, the Dallas Central Tactical Security Company, and its two owners, Wayman and Cametra Livingston, "started

---

[1] Ordinarily, a *pro se* plaintiff who names a nonjural entity as a defendant should be alerted and given an opportunity to amend before dismissal of the action. *See Parker v. Fort Worth Police Dep't*, 980 F.2d 1023, 1026 (5th Cir. 1993). But here, such amendment would be futile because Stacker fails to plausibly allege a constitutional violation under § 1983—regardless of whether that claim is asserted against a nonjural entity or a proper defendant like the City of Dallas or Dallas County.

[2] The claims against the State of Texas stem from its alleged refusal to accept documents from the Social Security Administration showing that Stacker had previously changed his name. ECF No. 3 at 12. It is unclear how these allegations fit within Stacker's criminal-prosecution-based claims, if they do at all.

malicious prosecution" and entrapped him. ECF No. 11 at 3; ECF No. 3 at 1; ECF No. 13 at 8. He also claims that his court-appointed attorney provided ineffective assistance, retaliated against him, and "aided in the malicious prosecution." ECF No. 13 at 5-6; ECF No. 1 at 3.

But to state a claim under § 1983, the plaintiff must allege facts showing, not only that the defendant violated the Constitution or federal law, but that the defendant was acting under color of state law while doing so. *Wilson v. Dallas Cnty. Hosp. Dist.*, 715 F. App'x 319, 323 (5th Cir. 2017). "'Under color of state law' excludes from its reach purely private conduct, no matter how discriminatory or unlawful." *Blakely v. Andrade*, 360 F. Supp. 3d 453, 491 (N.D. Tex. 2019) (citing *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982)). "Therefore, a Section 1983 claim must be brought against a state actor, not a private citizen." *Myers v. Coker*, 2023 WL 7712840, at *3 (W.D. La. Nov. 15, 2023) (citing *Bogus v. Harris Cnty. Dist. Att'y*, 2019 WL 5294320, at *2 (S.D. Tex. Oct. 17, 2019)).

Stacker does not allege that Dallas Central Tactical Security Company or its owners are state actors. Rather, he alleges in conclusory fashion that these private defendants conspired with "the D.A.'s Office and the Dallas Police." ECF No. 13 at 8.

A private citizen may be liable under § 1983 if the citizen conspired with or acted in concert with state actors. *See Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989). But "[a] party must . . . allege that the private and public actors entered into an agreement to commit an illegal act, and that the plaintiff's constitutional

rights were violated." *Gonzalez v. Hile*, 2023 WL 9110924, at \*4 (E.D. Tex. Dec. 5, 2023), *rec. accepted* 2023 WL 8450677 (E.D. Tex. Dec. 5, 2023). "Indeed, a plaintiff 'must allege specific facts to show an agreement.'" *Id.* (citing *Priester v. Lowndes Cnty.*, 354 F.3d 414, 421 (5th Cir. 2004). When a plaintiff offers only conclusory allegations of conspiracy to support a § 1983 claim, a court should dismiss the claim under Rule 12(b)(6). *See*, *e.g.*, *Priester*, 354 F.3d at 420; *Gordon v. Neugebauer*, 57 F. Supp. 3d 766, 783-84 (N.D. Tex. 2014).

Stacker's allegations of a conspiracy are too vague, conclusory, and speculative to show state action. *See White v. U.S. Corrections, L.L.C.*, 996 F.3d 302, 307 (5th Cir. 2021) (noting that the Court does not "accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions") (citing *Heinze v. Tesco Corp.*, 971 F.3d 475, 479 (5th Cir. 2020)). Thus, the Court should dismiss Stacker's § 1983 claims against Dallas Central Tactical Security Company and its owners.

The Court should also dismiss Stacker's § 1983 claims against his court-appointed attorney because such a court-appointed attorney does not act under color of state law. *See*, *e.g.*, *Woods v. Houston Police Dep't.*, 2024 WL 1185125, at \*4 (S.D. Tex. Mar. 19, 2024) ("To be held liable under § 1983, the defendant must be acting under color of state law, and neither public defenders nor appointed or retained private defense attorneys act under color of state law when performing a lawyer's traditional functions in representing a criminal defendant because he or she is acting on behalf of the defendant rather than on behalf of the State.") (citing

*Polk v. Cnty. v. Dodson*, 454 U.S. 312, 318, 324-25 (1981)) (further citations omitted).

   3. Stacker's false arrest claim is untimely.

 Stacker claims without any supporting facts that DPD officers falsely arrested him. ECF No. 11 at 3. The statute of limitations for a § 1983 action is the same as the statute of limitations in a personal injury action in the state in which the claim accrues. *Wilson v. Garcia*, 471 U.S. 261, 279-280 (1984). In Texas, that period is the two-year statute of limitations for personal injury actions. *Mosley v. Houston Cmty. Coll. Sys.*, 951 F. Supp. 1279, 1288 (S.D. Tex. 1996) (two-year statute of limitations in Tex. Civ. Prac. & Rem. Code § 16.003 applies to § 1983 claim).

 The statute of limitations begins to run when a claim accrues—"that is, the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Johnson v. Harris Cnty.*, 83 F. 4th 941, 945 (5th Cir. 2023) (quoting *Edmonds v. Oktibbeha Cnty.*, 675 F.3d 911, 916 (5th Cir. 2012)).[3] "The statute of limitations for a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed

---

[3] Stacker alleges that, after his arrest, a "transport officer," Officer Varughe, "tried to take the plaintiff's side arm and make it discharge while being detained" and "decided to place my name under something different than what was given." ECF No. 13 at 7. It is unclear whether Stacker seeks to sue Officer Varughe or the DPD based on these allegations, but, if he does, such claims are untimely. Stacker would have known about an injury from these actions in 2019, but he did not file this lawsuit until 2023.

by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." *Barefield v. Bowman*, 2023 WL 9596941, at *6 (S.D. Tex. Nov. 9, 2023), *rec. accepted* 2024 WL 21597 (S.D. Tex. Jan. 2, 2024) (citing *Wallace v. Kato*, 549 U.S. 384, 397 (2007)). "Thus, a false arrest claim accrues when charges are filed." *Johnson*, 83 F. 4th at 945.

Here, public records show that Stacker was arraigned on February 10, 2019. Details (dallascounty.org) (search for case number F1952039; last accessed September 10, 2024). So, his false arrest claim accrued on that date, when he became detained pursuant to legal process. *See*, *e.g.*, *Wallace*, 549 U.S. at 389-90. Yet Stacker waited until April 2023 to file this suit. As a result, his false arrest claim is untimely and should be dismissed.

4.  Stacker fails to state a claim for malicious prosecution, a violation of his rights under the Ex Post Facto Clause, or a due process violation.

The gravamen of Stacker's allegations is that he was maliciously prosecuted on a criminal charge that flouted the Ex Post Facto Clause. He also mentions, without explanation or supporting facts, the "[u]nlawful suppression of evidence," an unspecified procedural due process violation, and "jurisdictional violations" resulting in a loss of due process.[4] *See*, *e.g.*, ECF No. 3 at 1; ECF No. 11 at 3.

---

[4] The malicious prosecution claim is timely, as it did not accrue until the charges against Stacker were dismissed on May 13, 2021. *See*, *e.g.*, *Johnson*, 83 F.4th at 945.[4] The timeliness analysis is more complicated for the Ex Post Facto Clause and due process claims. The Supreme Court instructs that accrual questions should be resolved "by referring to the common-law principles governing analogous torts." *See McDonough v. Smith*, 588 U.S. 109, 116 (2019) (citing *Wallace*, 549 U.S. at 388); *Heck v. Humphrey*, 512 U.S. 477, 483 (1994)). With unlawful-prosecution-

To state a malicious prosecution claim, Stacker must plausibly allege: "(1) the commencement or continuance of an original criminal proceeding; (2) its legal causation by the present defendant against plaintiff who was defendant in the original proceeding; (3) its bona fide termination in favor of the present plaintiff; (4) the absence of probable cause for such proceeding; (5) malice; and (6) damages." *Armstrong v. Ashley*, 60 F.4th 262, 279 (5th Cir. 2023) (citation omitted). An additional "threshold element" is that there must have been "an unlawful Fourth Amendment seizure." *Reyes v. Greer*, 686 F. Supp. 3d 524, 532 (W.D. Tex. 2023) (quoting *Armstrong*, 60 F.4th at 279).

Those threshold elements are not satisfied here. Stacker does not allege with any specificity how the named defendants caused the criminal proceedings against him or the role they had.

He also fails to allege any facts showing a lack of probable cause for the proceedings or his arrest. To determine the existence of probable cause, courts ask "'whether a reasonable officer—at the time when criminal proceedings were instituted and based solely on the facts as the officer[] honestly and reasonably believed them to be—would believe to a fair probability that a crime had been committed.'" *Reyes*, 686 F.3d at 536 (citations omitted).

---

based claims, the question is whether they are more like the common law tort of false imprisonment or malicious prosecution. *See*, *e.g.*, *Brown v. City of Houston*, 297 F. Supp. 3d 748, 758-760 (S.D. Tex. 2017). Ultimately, because they are substantively meritless, the Court assumes without deciding that Stacker's Ex Post Facto Clause and due process claims are timely.

Stacker was arrested and indicted for unlawful possession of a firearm by a felon in violation of Texas Penal Code Statute 46.04(a), which prohibits a person convicted of a felony from possessing a firearm:

>   (1)   After conviction and before the fifth anniversary of the person's release from confinement following conviction of the felony or the person's release from supervision under community supervision, parole, or mandatory supervision, whichever date is later; or
>
>   (2)   After the period described by Subdivision (1), at any location other than the premises at which the person lives.

TEX. PENAL CODE ANN. § 46.04(a) (West Supp. 2023).

Stacker provides no context about his arrest other than hinting that it occurred during or after a traffic stop. ECF No. 13 at 7. Nor does the indictment contain many facts. It alleges only that Stacker, convicted of a felony in 1990, possessed a handgun in a location other than the premises where he lived, specifically, a car.

Stacker does not deny that he possessed a firearm in a location other than his home. Liberally construing his pleadings, he instead argues that the felon in possession of a firearm statute as applied to him unconstitutionally increased the punishment for the 1990 possession of a controlled substance conviction in violation of Article I, Section 10 of the United States Constitution and article I, section 16 of the Texas Constitution. He stresses that the pre-1994 version of the felon in possession of a firearm statue only prohibited a felon from carrying a firearm if his qualifying felony involved an act of violence or threatened violence

to a person or property. *See Goodman v. State*, 935 S.W.2d 184, 186 (Tex. App.—Austin 1996, no pet.) (citing Act of May 23, 1973, 63d Leg., R.S., ch. 399, § 1, 1973 Tex. Gen. Laws 883, 964). So, Stacker reasons, at the time of his 1990 conviction, his offense was not a qualifying felony under the felon in possession of a firearm statute, and to amend the statute at a later date to make it a qualifying felony violates the Ex Post Facto Clause.

But Stacker misunderstands the Ex Post Facto Clause. Under either constitution, an ex post facto law: (1) punishes, as a crime, an act committed previously that was innocent when done; (2) changes the punishment and inflicts greater punishment than the law attached to the criminal offense when it was committed; or (3) deprives a person charged with a crime of any defense available when the act was committed. *Jordan v. State*, 56 S.W.3d 326, 329-30 (Tex. App.—Houston [1st Dist.] 2001, pet. ref'd) (citing *Ex parte Davis*, 947 S.W.2d 216, 219-20 (Tex. Crim. App. 1996)). The amended version of the felon in possession of a firearm statute does not do any of that. The statute does not punish a defendant for conduct that was legal when he engaged in it because the punishment is for carrying a firearm in violation of the statute, not the predicate felony. Nor does the statute inflict greater punishment for criminal offenses than the law attached to the criminal offense when it was committed. Again, the defendant is punished for violating the felon in possession of a firearm statute. The punishment for the qualifying felony is not altered.

For those reasons, courts have rejected the argument that broadening the scope of predicate felonies in a felon in possession of a firearm statute violates the Ex Post Facto Clause, as long as the other relevant conduct took place after the law was passed. *See Jordan*, 56 S.W.3d at 331-32 (finding that Section 46.04(a) is consistent with the Ex Post Facto Clause ) (citing *Salazar v. State*, 423 S.W.2d 297, 298-99 (Tex. Crim. App. 1968); *Russell v. Gregoire*, 124 F.3d 1079, 1088-89 (9th Cir. 1997) ("It is hornbook law that no ex post facto problem occurs when the legislature creates a new offense that includes a prior conviction as an element of the offense, as long as the other relevant conduct took place after the law was passed."); (WAYNE R. LAFAVE & AUSTIN W. SCOTT, JR., CRIMINAL LAW § 2.4(b) (2d ed. 1986)); *see also U.S. v. Brady*, 26 F.3d 282, 291 (2d Cir. 1994) ("Regardless of the date of DeMatteo's prior conviction, the crime of being a felon in possession of a firearm was not committed until after the effective date of the statute under which he was convicted. By 1992, DeMatteo had more than adequate notice that it was illegal for him to possess a firearm because of his status as a convicted felon, and he could have conformed his conduct to the requirements of the law. Therefore, the Ex Post Facto clause was not violated by the use of a 1951 felony conviction as a predicate for a violation of § 922(g).").

Accordingly, Stacker's Ex Post Facto Clause claim fails as a matter of law. And because his malicious prosecution claim hinges on the Ex Post Facto Clause argument—specifically that there was no probable cause because the charge violated the Ex Post facto Clause—that claim should be dismissed as well.

Finally, Stacker does not allege any facts showing a denial of procedural due process. Nor does he allege what specific evidence was suppressed, how it was suppressed, who suppressed it, or what he means by "jurisdictional violations." Stacker's failure to present any facts explaining the how, who, or what of the due process claims renders them too conclusory to survive review under Rule 12(b)(6). *See*, *e.g.*, *Armstrong*, 60 F.4th at 270 (dismissing conclusory § 1983 suppression of evidence claims because the pleading consisted "almost entirely of formulaic recitations" and "based upon nothing more than Armstrong's barebones recitals, these ill-pled claims of suppression by the named defendants are factually insufficient").

5.  Judicial and prosecutorial immunity bar Stacker's § 1983 claims against Judge Givens-Davis and the prosecutors in their individual capacities, and he fails to plausibly allege official capacity liability.

Further, in addition to the shortcomings already discussed, Stacker's claims against the judge and prosecutors face unique hurdles. "A judge generally has absolute immunity from suits for damages." *Davis v. Tarrant Cnty., Texas*, 565 F.3d 214, 221 (5th Cir. 2009) (citing *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991)). "Judicial immunity is an immunity from suit, not just the ultimate assessment of damages." *Id.* (citing *Mireles*, 502 U.S. at 11) (citing, in turn, *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985))). There are only two circumstances under which this immunity can be overcome. "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." *Mireles*, 502 U.S. at 11 (citations omitted). "Second, a judge is not immune for actions,

though judicial in nature, taken in the complete absence of all jurisdiction." *Id.* at 12 (citations omitted). Allegations of bad faith or malice cannot overcome judicial immunity. *Id.*

Stacker alleges that Judge Givens-Davis maliciously prosecuted him by postponing the trial. *See* ECF No. 13 at 2. The decision to postpone a trial is plainly a normal judicial function, and there is no plausible suggestion that Judge Givens-Davis acted without jurisdiction. Accordingly, she is immune from Stacker's claims for monetary damages against her in her individual capacity.

And to the extent that Stacker sues Judge Givens-Davis in her official capacity, "Texas judges are entitled to Eleventh Amendment immunity for claims asserted against them in their official capacities as state actors." *Davis*, 565 F.3d at 228 (citing *Warnock v. Pecos Cnty.*, 88 F.3d 341, 343 (5th Cir. 1996); *Holloway v. Walker*, 765 F.2d 517, 519 (5th Cir. 1985)).

As for Stacker's claims against the prosecutors, "[c]riminal prosecutors . . . enjoy absolute immunity for damages asserted under [42 U.S.C.] § 1983 for actions taken in the presentation of the state's case." *Watson v. Walton*, 68 F.3d 465 (5th Cir. 1995). "[S]tate prosecutors are absolutely immune from § 1983 damages based on activities intimately associated with the judicial phase of the criminal process." *Singleton v. Cannizzato*, 2020 WL 1922377, at *3 (5th Cir. Apr. 21, 2020). The decision of when and whether to file criminal charges falls within the scope of absolute prosecutorial immunity. *See Quinn v. Roach*, 326 F. App'x 280, 292 (5th Cir. 2009); *Workman v. Calogero*, 174 F. App'x 824, 826 (5th Cir. 2006).

16

"Absolute immunity shields prosecutors even when they act maliciously, wantonly, or negligently." *DuBose v. Campbell*, 2024 WL 3419031, at *10 (W.D. La. June 25, 2024), *rec. accepted* 2024 WL 3417393 (W.D. La. July 15, 2024) (citing *Lope v. O' Bannon*, 824 F.3d 534, 539 (5th Cir. 2016)).

As best the Court can tell from Stacker's threadbare allegations, he sues the prosecutors for prosecuting him on a charge that supposedly violated the Ex Post Facto Clause. Because the claims against the prosecutors are based on actions taken by them in connection with the initiation and prosecution of Stacker's criminal case, they are entitled to absolute prosecutorial immunity. *See*, *e.g.*, *Gross v. Cox*, 2024 WL 3249331, at *2 (E.D. Tex. June 7, 2024), *rec. accepted* 2024 WL 3241306 (E.D. Tex. June 27, 2024).

Finally, to the extent that Stacker sues the prosecutors—or any non-state defendant—in their official capacities, Stacker fails to plausibly allege official-capacity liability. "Official capacity suits generally represent another way of pleading an action against an entity of which an officer is an agent." *Burge v. Par. of St. Tammany*, 187 F.3d 452, 466 (5th Cir. 1999) (citing *Monell v. Dep't. of Soc. Servs. of City of New York*, 436 U.S. 658, 691, n.55 (1978)). To state a § 1983 *Monell* claim against such an entity, a plaintiff must identify "(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose 'moving force' is that policy or custom." *Valle v. City of Houston.*, 613 F.3d 536, 541-42 (5th Cir. 2010) (quoting *Pineda v. City of Houston*, 291 F.3d 325, 328 (5th Cir. 2002)). Stacker does not

allege facts bearing on any of those elements. He has not identified a municipal policy or custom or a policy maker, and, as explained above, he has not plausibly alleged a constitutional violation.

For all these reasons—in addition to the other fatal deficiencies discussed above—Stacker has not plausibly alleged a claim against Judge Givens-Davis or the prosecutors.

6. Stacker fails to state a civil RICO claim or a claim under a federal criminal statute.

Stacker mentions the RICO statute. ECF No. 3 at 2. RICO makes it "unlawful for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." 18 U.S.C. § 1962(c). RICO provides a civil cause of action for "'[a]ny person injured in his business or property by reason of a violation of section 1962.'" *Beck v. Prupis, 529 U.S. 494, 495 (2000)* (quoting 18 U.S.C. § 1964(c)). "Broadly stated, a civil RICO claimant must prove (1) a violation of the substantive RICO statute . . . and (2) an injury to the plaintiff's business or property by reason of a violation of section 1962." *HCB Fin. Corp. v. McPherson, 8 F.4th 335, 338 (5th Cir. 2021)* (quotations and brackets omitted). To state a RICO claim under 18 U.S.C. §§ 1962(a)-(d), "there must be '(1) a person who engages in (2) a pattern of racketeering activity (3) connected to the acquisition, establishment, conduct, or control of an enterprise.'" *St. Paul Mercury Ins. v. Williamson, 224*

F.3d 425, 439 (5th Cir. 2000) (quoting *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241, 242 (5th Cir. 1988)). Stacker provides no factual allegations showing a RICO violation, so his RICO claim should be dismissed.

Stacker also references 18 U.S.C. §§ 241-42, which are criminal statutes penalizing conspiracies against the exercise of civil rights and proscribing the actual deprivation of civil rights of another person. But Stacker has no right to have someone criminally prosecuted, and he cannot enforce criminal statutes through a civil request for relief. *See*, *e.g.*, *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990) (stating that there is no "constitutional right to have someone criminally prosecuted"); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007) ("Simply, a private citizen cannot enforce criminal statutes in a civil action."). Accordingly, Stacker's claims under federal criminal statutes should be dismissed.

7. <u>The Court should decline to exercise supplemental jurisdiction over Stacker's Texas Whistleblower Act claim.</u>

Stacker alleges, without any supporting facts, that his employer violated the Texas Whistleblower Act. ECF No. 3 at 1. According to the Fifth Circuit, "[t]he general rule is that a court should decline to exercise jurisdiction over remaining state-law claims when all the federal claims are eliminated before trial[.]" *Brookshire Brothers Holding, Inc. v. Dayco Prods., Inc.*, 554 F.3d 595, 602 (5th Cir. 2009) (citing *Batiste v. Island Recs. Inc.*, 179 F.3d 217, 227 (5th Cir. 1999)); *see also Parker v. Parsley Petroleum Co. v. Dresser*, 972 F.2d 580, 585 (5th Cir. 1992) (citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989)) ("Our general

rule is to dismiss state claims when the federal claims to which they are pendant are dismissed."). Thus, assuming the Court agrees that Stacker's federal claims should be dismissed, it should decline to exercise supplemental jurisdiction over his Texas Whistleblower Act claim.

## Leave to Amend

Generally, a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed. *Bazrowx*, 136 F.3d at 1054. But leave to amend is not required if the plaintiff has already pleaded his "best case." *Id.* A verified questionnaire response allows a plaintiff to plead his best case and is a valid way for a pro se litigant to amend his complaint. *Nixon v. Abbott*, 589 F. App'x 279 (5th Cir. 2015) (per curiam). Stacker has filed an amended complaint and responded to a questionnaire, allowing him to allege his best case. ECF Nos. 11, 13. Further leave to amend is unwarranted. *See Bazrowx*, 136 F.3d at 1054.

## Recommendation

The Court should dismiss Stacker's claims against the State of Texas without prejudice for lack of subject matter jurisdiction, dismiss his remaining federal claims with prejudice under Federal Rule of Civil Procedure 12(b)(6), and dismiss his state-law claim without prejudice to his ability to present it in state court.

SO RECOMMENDED.

September 10, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*